UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE WARD,<br>CDCR #BK-3300,<br><br>                              Plaintiff,<br><br>vs.<br><br>J. LOVELL, E. GUEVARA, C. MARTINEZ, R. ALLEN, J. MAGNAR,<br><br>                             Defendants. | Case No.: 3:24-cv-1400-RSH-MSB<br><br>**ORDER (1) CONSTRUING ECF NO. 8 AS A FIRST AMENDED COMPLAINT AND**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8 AND FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1)** |

## I.    INTRODUCTION

Plaintiff Wayne Ward ("Plaintiff" or "Ward") is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In his original complaint, Ward alleged Defendants violated his Eighth Amendment rights by using excessive force against him and failing to provide him with medical care after he was injured. *See* ECF No. 1. On May 7, 2025, the Court granted Plaintiff's request to proceed in forma pauperis and dismissed the original complaint without prejudice for failure to state a claim. *See* ECF No. 7. The Court granted Ward leave to file an amended complaint by June 21, 2025. *Id.* at 7.

1

1  On June 20, 2025, Ward filed a 2-page "letter" (ECF No. 8), which this Court now liberally **CONSTRUES** as a First Amended Complaint ("FAC"). *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (stating courts must "construe pro se filings liberally"); *see also Teal v. Vargo*, 9 F. App'x 718, 719 (9th Cir. 2001) (concluding district court reasonably construed document entitled "narrative summary" as an amended complaint when it was the only document filed by pro se plaintiff after leave to amend was granted).

For the reasons discussed below, the Court dismisses the FAC without prejudice and with leave to amend.

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A.   Legal Standard

Plaintiff is proceeding in forma pauperis and as such, the Court must screen the FAC and dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed-me accusation[s]" fall short of meeting this plausibility standard. *Id.*

### B.   Plaintiff's Allegations

The factual allegations in the FAC are sparse. Ward states that on January 15, 2023, Officer Lovell "use[d] excessive force on [him]." ECF No. 8 at 1. He alleges he was "complying with [Lovell] and Officer Guevara when [he] was slapped into a bench in the

dayroom."[1] *Id.* When Ward fell onto the bench, he hit his head and shoulder. He still suffers from pain as a result. *Id.* Ward further states that "prison employees C. Martinez, R. Allen and J. Magnar refused me medical care by saying I would receive care later." *Id.*

**C.     Discussion**

   *1.     Rule 8*

Federal Rule of Civil Procedure 8(a) requires a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

Here, the FAC contains little more than conclusory statements, with very few specific facts. While not entirely clear, the FAC appears to be an attempt by Ward to address a deficiency discussed in this Court's May 7, 2025 screening order, which noted that Ward had failed to tie any specific conduct to any named defendant. ECF No. 7 at 4–5. In his FAC, Ward makes clear he is suing defendants Lovell and Guevara for excessive force and defendants Martinez, Allen and Magar for failure to provide him with medical care. ECF No. 8 at 1. But beyond that, the FAC is nearly devoid of specific facts regarding the details of the alleged incident(s) and/or Ward's injuries. While Ward's original complaint contained some of these specifics, an amended complaint replaces any prior complaint, which is "treated thereafter as non-existent." *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citations omitted). Thus, because the FAC is not complete in itself, and contains only conclusory assertions "devoid of

---

[1] It is not clear who slapped Plaintiff.

further factual enhancement," it is insufficient to comply with Rule 8. *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted); *see also Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (stating that "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled").

Therefore, the Court **DISMISSES** the First Amended Complaint without prejudice and with leave to amend, for failure to comply with Rule 8 and failure to state a claim. *See* Fed. R. Civ. P. 8(a); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

### 2. Legal Standards

Should Plaintiff seek to amend, the Court again provides the following legal standards for Eighth Amendment excessive force and medical care claims raised pursuant to 42 U.S.C. § 1983:

#### a. 42 U.S.C. § 1983

Generally, to state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). In doing so, a plaintiff must allege he suffered a specific injury as a result of a defendant's conduct and show a link between the injury and that conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Without an affirmative link or connection between a defendant's actions and the claimed deprivation, there can be no § 1983 liability. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

#### b. Excessive Force

For § 1983 claims alleging excessive force under the Eighth Amendment, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore

discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010). To that end, federal courts look to factors such as: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; (4) the threat "reasonably perceived by the responsible officials"; and (5) "any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Where prison officials "act in response to a prison disturbance, their actions are necessarily taken 'in haste, under pressure,' and balanced against 'competing institutional concerns for safety of prison staff or other inmates.'" *Wilson v. Seiter*, 501 U.S. 294, 302 (1991) (quoting *Whitley*, 475 U.S. at 320).

### c. Inadequate Medical Care

To state an Eighth Amendment claim based on inadequate medical care, a prisoner must plausibly allege a "serious medical need," and that the defendant was "deliberately indifferent" to that need. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The test for deliberate indifference has objective and subjective components. To satisfy the objective prong, the plaintiff must show a "serious medical need, by establishing that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (quoting *Estelle*, 429 U.S. at 104). To satisfy the subjective prong, the plaintiff must allege the defendant's response to the need was deliberately indifferent by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm cause by the indifference." *Id.* Put another way, a plaintiff must show the official knew of and disregarded "excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). The official "must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that official "must also draw the inference." *Id.* (citation and internal quotation marks omitted). "Deliberate indifference is a high legal standard." *Id.* at 1060. A

showing of negligence or inadvertence is insufficient to establish an Eighth Amendment violation. *Jett*, 439 F.3d at 1096.

**D.  Leave to Amend**

Given Plaintiff's *pro se* status, the **GRANTS** him one final opportunity to amend, as set forth below. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III.  CONCLUSION AND ORDER

Accordingly, the Court:

1.  **CONSTRUES** Plaintiff's "Letter" (ECF No. 8) as a First Amended Complaint.

2.  **DISMISSES** the First Amended Complaint in its entirety for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

3.  **GRANTS** Plaintiff **sixty (60) days** leave from the date of this Order in which to file a Second Amended Complaint which cures the pleading deficiencies discussed above. **Plaintiff's Second Amended Complaint must be complete by itself**. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled.").

If Plaintiff fails to timely file a Second Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of

the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

      3.    **DIRECTS** the Clerk of Court to include with this Order a blank 42 U.S.C. § 1983 Civil Rights Complaint form for Plaintiff's convenience.

**IT IS SO ORDERED.**

Dated: September 18, 2025

                                            Hon. Robert S. Huie
United States District Judge